In the Matter of VINCENT KURIGA, Claimant, v. ATLAS ASSURANCE Co., LIMITED, et al., Respondents.

Supreme Court, Special Term, Nassau County, December 16, 1966.

*Lauritano, Schlacter & Feiring* for claimant. *Smith & Formidoni* for Atlas Assurance Co., Limited, respondent. *Rivkin, Leff & Sherman* for Motor Vehicle Accident Indemnification Corporation, respondent.

WILLIAM R. BRENNAN, JR., J. This is a motion brought by Motor Vehicle Accident Indemnification Corporation [MVAIC] to stay arbitration and a cross motion by Atlas Assurance Co., Limited [Atlas] for the same relief.

On December 16, 1965, Vincent Kuriga, the claimant, sustained injuries in an automobile accident for which an uninsured motorist is claimed to have been responsible. Mr. Kuriga was the named insured in a family combination automobile policy issued on a form jointly used by Atlas and by Albany Insurance Company [Albany]. This policy was issued on February 1, 1965 and expired 12 months later on February 1, 1966. The policy contained coverage J relating to uninsured motorists as required by section 605 of the Insurance Law, and the premium was paid by Mr. Kuriga for said coverage.

Mr. Kuriga duly filed notice of intention to arbitrate with both Atlas and MVAIC, a demand which brought on these motions.

Atlas maintains that it did not issue any policy of insurance but that the policy was issued by Albany. MVAIC maintains that Atlas's cross motion was untimely and that, in any event, Atlas, the name of which appears upon the policy, together with Albany is accordingly estopped from denying coverage. None of these contentions need be reached in disposing of these motions because they do not address themselves to the single issue which is presented.

Effective July 1, 1965, section 605 of the Insurance Law was amended in such a way as to require the insurer itself to pay to

the insured any sum of money not exceeding $10,000 to which it may be found he is entitled as a result of an accident with an uninsured driver. Prior to the effective date of July 1, 1965, it was not the insurer which had to make payment but MVAIC. In the case at bar the accident occurred subsequent to the effective date of the amendment to section 605 but the policy of insurance which was in effect at the time of the accident was issued prior to the date upon which the statute was amended.

Thus, in issuing its policy either Atlas and/or Albany undertook not that they would pay the insured but that MVAIC would pay the insured. The amendment to the statute is in its terms not retroactive and could not possibly create an obligation on the part of the insurer for a policy and coverage already issued prior to the date of the amendment.

Consequently, whether Atlas and/or Albany issued the policy or whether either is estopped to deny coverage need not be determined. The plain fact is that MVAIC is the sole responsible party and its motion is therefore denied, and the cross motion of Atlas granted. The matter will proceed to arbitration between the claimant Kuriga and MVAIC in accordance with the notice of intention to arbitrate.